Commonwealth of Pennsylvania, Petitioner *v.* Association of Pennsylvania State College and University Faculties, by and through its President, Richard Hazley, Respondent.

Argued June 6, 1979, before President Judge Bow-MAN and Judges CRUMLISH, JR., MENCER, BLATT, DI-SALLE, CRAIG and MACPHAIL. Judges WILKINSON, JR. and ROGERS did not participate.

*Robert J. Schwartz,* Assistant Attorney General, with him *John D. Raup,* Assistant Attorney General, for petitioner.

*Jerome H. Gerber,* with him *Elliot A. Strokoff,* and *Handler and Gerber, P.C.,* for respondent.

OPINION BY JUDGE MENCER, October 25, 1979:

The Commonwealth of Pennsylvania (Commonwealth) has filed a petition for review of an arbitration award directing it to afford relief to Donald R.

Bortz, a member of the Association of Pennsylvania State College and University Faculties (Union).

Bortz is a professor with the East Stroudsburg State College. In 1976, Bortz was asked to assume the administrative position of Director of the Educational Development Center (EDC). Bortz was reluctant to accept the position because, under the provisions of the collective bargaining agreement between the Commonwealth and the Union, the Director of EDC was not entitled to certain benefits to which teaching professors were entitled. However, Bortz accepted the position upon receiving assurances that he would be permitted to retain these benefits.

Bortz was subsequently denied benefits to which he would have been entitled had he remained a teacher, and the Union filed a grievance on his behalf, pursuant to the grievance provisions of the collective bargaining agreement. The grievance proceeded to arbitration, where the arbitrator ruled that Bortz had no right to the benefits under the terms of the agreement. Nevertheless, the arbitrator held that Bortz was entitled to relief on the theory of promissory estoppel, as set forth in the *Restatement of Contracts* §90 (1932). The Commonwealth's petition for review in this court followed.

It is by now axiomatic that "an arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice." *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). When an arbitrator relies not upon the collective bargaining agreement to support an award but upon the *Restatement of Contracts*, it is apparent that he has exceeded his auhority. *Cf. In re Arbitration Between Ringgold Area School District, Donora Senior High School and Ringgold Education Association*, 24 Pa. Commonwealth Ct. 266, 356

A.2d 842 (1976) (award based upon alleged oral agreement not drawn from "essence" of contract). That is precisely what the arbitrator did in this case, and we must therefore reverse the award.

In its brief to this Court, the Union appears to argue that certain language in the agreement must be read to confer upon the arbitrator authority to base an award on equitable principles extraneous to the agreement. The case was not submitted to the arbitrator on that basis, nor did the arbitrator ever purport to so interpret the language upon which the Union now relies. While parties may agree to confer extraordinary powers upon an arbitrator, whether they have so agreed is a matter of interpretation which must be presented to the arbitrator and ruled upon prior to the exercise of such powers. This Court will not, of course, pass upon issues which were neither raised nor decided below.

Accordingly, we enter the following

### ORDER

AND Now, this 25th day of October, 1979, the decision of Arbitrator Alexander M. Freund in the above captioned matter, dated September 27, 1978, is hereby vacated.

---

DISSENTING OPINION BY JUDGE DISALLE:

I respectfully dissent.

It is undisputed that Bortz repeatedly refused the position of Director specifically because he feared losing the very benefits which are in issue here. He subsequently accepted the position *only* after receiving assurances from the Dean, the Academic Vice-President and the Department Chairman that he would retain these benefits. As this matter proceeded through the grievance process, both the college administration

and Bortz saw a basis in the agreement for the relief which Bortz sought. It was in this atmosphere of fundamental agreement as to the genesis of the problem and in the spirit of accomodation, which marked the grievance process at its early stages, that the arbitrator sustained Bortz's grievance while leaving it to the parties themselves to fashion an appropriate remedy.

The majority seizes upon the fact that the arbitrator relied on the contract doctrine of promissory estoppel, rather than on some specific provision of the agreement. It then concludes that the arbitrator exceeded his authority, and, in effect, dispensed "his own brand of industrial justice." I disagree.

The arbitrator's award strikes me as an even-handed attempt to resolve an unfortunate situation, wrought and aggravated by the good intentions of both sides. Admittedly, he was unable to ground relief in any specific provision of the collective bargaining agreement. However, equally clear is his recognition that the agreement did not bar every conceivable remedy. This is why he left the matter of forging a remedy to the parties, subject to his review.

As an arbitrator, he is obliged to give effect to the spirit as well as the letter of the agreement. His reliance on promissory estoppel, a doctrine rooted in equitable principles, to compel a remedy for the wrong done Bortz certainly finds support in that provision contained in Article V of the agreement enunciating that the parties' purpose in submitting disputes to the grievance and arbitration process is the "fair and equitable resolution of grievances."

In *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty*, 473 Pa. 576, 375 A.2d 1267 (1977), one of the leading cases in the evolution of the "essence" test, our Supreme Court cited with approval *Ludwig*

*Honold Mfg. Co. v. Fletcher,* 405 F.2d 1123, 1128 (3d Cir. 1969), for the proposition that an arbitrator's award must be affirmed if his "interpretation can *in any rational way* be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention." (Emphasis supplied.) Since I believe that the arbitrator's award is rationally derived from the spirit, if not the precise language, of the collective bargaining agreement, I believe we should affirm.[1]

Judge CRAIG joins in this dissent.

---

[1] I certainly am unprepared to say that the arbitrator exceeded his authority. As Justice MANDERINO noted in *Leechburg Area School District v. Leechburg Education Association,* 475 Pa. 413, 418, 380 A.2d 1203, 1205 (1977), "[t]he determination of whether an arbitrator 'exceeded proper powers' depends upon whether the arbitrator decided a dispute over which he had no jurisdiction, or granted an award which is prohibited by law." The Commonwealth does not challenge on appeal the issue of whether the arbitrator had jurisdiction to hear the dispute. Furthermore, the arbitrator's reliance on the doctrine of promissory estoppel is not contrary to any legislative enactment of which I am aware.