In Re: Arbitration Between Borough of Norristown and American Federation of State, County and Municipal Employees.

District Council 88, American Federation of State, County and Municipal Employees, AFL-CIO, Appellant.

Argued March 5, 1981, before Judges BLATT, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Theodore M. Lieverman, Kirschner, Walters & Willig,* for appellant.

*Paul C. Vangrossi,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., June 23, 1981:

The American Federation of State, County and Municipal Employees, District Council 88, AFL-CIO (union), appeals to this Court to reverse the Montgomery County Court of Common Pleas' vacation of the Award of Arbitrators in this action. That award had sustained a union grievance filed to implement salary adjustments for seven employees of the Borough of Norristown (Borough).

Representatives of the union and the Borough successfully negotiated a collective bargaining agreement, which they then took to their respective principals for approval. Article XXXI of the proposed agreement included the following language:

Each employee in an active pay status covered by this Agreement shall receive a general pay increase in accordance with the following: (there follows provision for a 5.95% increase effective January 1, 1976, a 4.50% increase effective January 1, 1977, and a 6.00% increase effective January 1, 1978)

. . .

Adjustments shall be computed on the existing salary until such time as the payment classification plan is implemented. . . .

E. An up to date salary schedule is attached as Appendix A-1. (Portion in parenthesis is synopsis.)

Appendix A-1 was not attached to the proposed contract at this time.

According to the arbitrator's opinion, and not disputed on the record, the Borough Council held a special executive session on December 9, at which it "voted to approve 'the entire contract with the exception of Article V, Section B, Hours of Work.' "[1] Among others present at this meeting was the council president, who was also a member of the Borough negotiating committee, and who later signed the contract on behalf of the Borough, *after* the now-disputed appendix had been attached to the body of the contract. The contract was executed on December 12.

When the Borough failed to comply with the salary adjustments contained in Appendix A-1, the union filed a grievance, which was resolved in its favor by the arbitrator. Upon appeal by the Borough, the common pleas court held that the arbitrator's award was a nullity, beyond the scope of his authority, since the Appendix was not a part of the agreement. We cannot agree with that conclusion.

I

In quoting *Community College of Beaver County v. Community College of Beaver County, Society of Faculty (PSEA/NEA)*, 473 Pa. 576, 375 A.2d 1267 (1977), this Court observed at note 3 of *Chester Upland School District Appeal*, 55 Pa. Commonwealth Ct. 102, 423 A.2d 437, 441 (1980), that our scope of review of an arbitrator's award is delimited by the "essence test," which the Pennsylvania Supreme Court has defined as follows:

---

[1] Award of Arbitrator, page 3.

> Where a task of an arbitrator, PERA or otherwise, has been to determine the intention of the contracting parties as evidenced by their collective bargaining agreement *and the circumstances surrounding its execution,* then the arbitrator's award is based on a resolution of a question of fact and is to be respected by the judiciary if 'the interpretation can in any rational way be derived from the agreement, *viewed in light of its language, its context, and any other indicia of the parties' intention . . .* the arbitrator's interpretation of the contract must be upheld if it is a reasonable one.' (Citations omitted.) (Emphasis added.)

In the instant case, the interpretation of the agreement by the arbitrator is clearly reasonable, and therefore this Court must uphold it. The language of the agreement, its context, and the circumstances surrounding its execution all point to the parties' intention that the Appendix be part of the executed agreement, as the arbitrator found.

Article XXXI, Section E of the agreement upon which the Borough Council voted stated that "an up to date salary schedule is attached as Appendix A-1," a reference which would indicate to a reasonable reader that the then-absent appendix was to be considered a part of the agreement. Council approved that section when it approved "the entire contract, with the exception of Article V, Section B, Hours of work," making no known reference to its desire or need to see the appendix referred to in Article XXXI, Section E before it approved the contract.

As previously noted, one of the negotiators for the Borough was the council president, who knew the content of the terms of Appendix A-1, which had been negotiated and agreed upon prior to the submission of the agreement to council for its approval. That ap-

pendix, dated December 12, was attached to the agreement prior to the execution thereof by both parties, without notice to the union that it was the position of the Borough that this attachment had not been approved.

Presuming the existence of good faith, these actions of the Borough clearly indicate its intention at that time to consider the appendix to be an integral part of the agreement, and they support the award of the arbitrator. Since our scope of review mandates approval of that award if it is reasonable, *Beaver County, supra,* we must reverse the lower court, and reinstate the arbitrator's award.

## II

The lower court erred, as a matter of law, in deciding that the arbitrator overstepped his bounds by examining something allegedly outside the terms of the agreement. *Commonwealth v. Association of Pennsylvania State College and University Faculties,* 46 Pa. Commonwealth Ct. 608, 407 A.2d 89 (1980), upon which the lower court relied for that proposition, is clearly distinguishable from the instant case. *Penn State Faculties* involved an allegation of an oral agreement which was never reduced to writing, the terms of which were directly contrary to the terms of the extant collective bargaining agreement. In the case before us, the agreement was reduced to writing prior to being signed by agents for both parties, was specifically referred to in the body of the document to which council gave its approval, and did not contradict the terms of the contract.

## III

Counsel for the Borough directs our attention to Section 1005(8) of the Borough Code,[2] which gives

---

[2] Act of February 1, 1966, P.L. (1965) 1656, No. 581, *as amended,* 53 P.S. §46005(8).

Borough Council the power to "make, authorize, and ratify expenditures for lawful purposes," arguing that the disputed appendix, not having been before council when it approved the contract, was not ratified, and therefore cannot legally be enforced against the Borough.

Note that there is, in the wording of that statute, a correlation between present, future, and past expenditures, and the wording "make, authorize and ratify" those expenditures. In presuming that it could not be bound by the appendix, the borough implies that the expenditures for salaries as per Appendix A-1 could not be *authorized* as part of the agreement.

Although the word "ratify" might well imply that the precise figures would be before council, the word "authorize" could equally well encompass the present situation, approval of the entire contract, including the appendix referred to in the body of the agreement, but not as yet reduced to written form. In other words, in compliance with the statute, the council action could reasonably be construed as authorizing future salary expenditures which were in concert with the terms of the agreement as negotiated. The borough disregards the words "make" and "authorize" in its limited interpretation of Section 1005(8), 53 P.S. §46005(8).

The union argues that the principle of estoppel requires that the Borough comply with the terms of the disputed appendix. Supporting that position is the recent Superior Court decision of *Albright v. City of Shamokin,* 277 Pa. Superior Ct. 344, 348, 419 A.2d 1176, 1178 (1980), in which that court said:

> [o]rdinarily, a governmental agency will not be bound for an act of its agents in excess of its corporate powers. Breinig v. Allegheny County, 332 Pa. 474, 485-86, 2 A.2d 842, 849-50 (1938).

However, '[t]here is a distinction between an act utterly beyond the jurisdiction of a municipal corporation and the irregular exercise of a basic power under the legislative grant in matters not in themselves jurisdictional. The former are *ultra vires* in the primary sense and void; the latter, *ultra vires* only in a secondary sense which does not preclude ratification or the application of the doctrine of estoppel in the interest of equity and essential justice.' (Citations omitted.)

Even assuming, *arguendo*, that the contract approval was incomplete under 53 P.S. §46005(8), essential justice calls for the application of the doctrine of estoppel under the circumstances of this case, where the Borough Council approved the entire contract, where the union negotiators were not present at the executive session wherein discussion of the contract terms took place, and where the appendix was attached to the contract prior to its execution by agents of both parties.[3] Even if this Court were to accept the assumption of incomplete approval, the failure of council to have the appendix before it during the meeting constitutes, at worst, an irregular exercise of its power to approve the contract.

A failure of this Court to reverse the lower court and reinstate the award of the arbitrator would not only exceed the scope of our review in the circumstances of this case, it would also read the aspect of good faith in bargaining out of the letter and spirit

---

[3] The end result of a contrary decision would be that no negotiators could rely on the actions or assurances of their opposition that the approving body, whether union or management, had accepted the entire contract. It would then be incumbent upon the executing agents to go through the contract clause by clause to ascertain that *all* parts of the document presented for signature had indeed been approved.

of the law. The Borough approved a contract whose written embodiment was patently incomplete, and then its agents, including the council president, signed the patently complete version. By interpretation of both the pertinent case law and the statute under which the approval was given, or, alternatively, by the application of the equitable principle of estoppel, the Borough should be and is bound by the award of the arbitrator.

ORDER

AND Now, this 23rd day of June, 1981, the Order of the Court of Common Pleas of Montgomery County entered at No. 79-20640 is hereby reversed, and the Award of Arbitrator is reinstated.

Judge WILKINSON, JR. did not participate in the decision in this case.