Commonwealth of Pennsylvania, Petitioner *v.* American Federation of State, County and Municipal Employees, AFL-CIO, Council 13, by its Trustee Ad Litem, Edward Keller, Executive Director, Respondent.

Argued February 1, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR., CRAIG, MAC-PHAIL and DOYLE.

*Robert J. Schwartz,* Assistant Counsel, with him *Steven O. Newhouse,* Assistant Counsel, and *John D. Raup,* Chief Counsel, for petitioner.

*Alaine S. Williams, Kirschner, Walters, Willig, Weinberg & Dempsey,* for respondent.

OPINION BY JUDGE DOYLE, January 12, 1984:

The Commonwealth of Pennsylvania (Commonwealth) brings this appeal from an arbitrator's decision in favor of Council 13 of the American Federation of State, County and Municipal Employees (AFSCME),

In June of 1981, approximately 1700 Commonwealth employees resigned from membership in AFSCME. Of these 1700, approximately 300 did not submit a revocation of membership dues deduction established under Article III of the collective bargaining agreement then in effect between AFSCME and the Commonwealth. The Commonwealth stopped dues deductions from these employees and AFSCME filed a grievance which it pursued to arbitration.

The arbitrator found the 300 resignations to be ineffective to revoke dues deductions because they were not in compliance with Articles III and IV of the collective bargaining agreement. The arbitrator directed the continued deduction of dues from the 300 employees.

Our review of an arbitrator's decision is very limited. *See Leechburg Area School District v. Leechburg Education Association*, 475 Pa. 413, 380 A.2d 1203 (1977) *reh. denied* (1978). We will disturb an arbitrator's award on appeal only when the award cannot in any way be rationally derived from the collective bargaining agreement. *Borough of Norristown Arbitration Case*, 60 Pa. Commonwealth Ct. 163, 430 A.2d 1217 (1981).

Before this Court, the Commonwealth urges that the employees' resignations indicate their clear intent to withdraw from union activities including payment of dues, and must therefore operate to revoke authorization of dues deduction. It is argued that the arbitrator's determination that they did not revoke dues deduction authorization and his award directing continued deductions constitutes an illegal application of the terms of the collective bargaining agreement in that it thwarts the employee's right to refrain from concerted activity established in Section 401 of the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.401. We disagree. The arbitrator's award does not prevent the employees from exercising their rights to withdraw from union activities. It merely enforces those terms of the collective bargaining agreement which provide that resignation from membership and revocation of dues deduction authorization are two separate acts. In a case quite similar to the one at bar, we held that maintenance of mem-

bership and dues check-off authorization are separate contractual obligations which may require separate acts of resignation and revocation. *Burse v. Pennsylvania Labor Relations Board,* 56 Pa. Commonwealth Ct. 555, 425 A.2d 1182 (1981). The collective bargaining agreement may provide that employees wishing to resign membership and escape deduction of dues complete two separate acts. *Burse.* The arbitrator here interpreted the collective bargaining agreement to so provide. We will not disturb his interpretation. *Leechburg.* Any frustration of the employees' intent to refrain as permitted in PERA resulted from the employees' own error in failing to follow the terms of the agreement, not from any illegal application of those terms by the arbitrator.

The Commonwealth argues also that the case at bar is distinguishable from *Burse* in that the authorization card in *Burse* specifically referred to the collective bargaining agreement, while the card used by AFSCME did not. It is urged that in the instant case the terms of the collective bargaining agreement are thus not applicable. The distinction is without substance. The authorization card used in the case at bar gives no indication that revocation of authorization should be by any means different from that provided in the collective bargaining agreement. We find no reason to consider the card outside the ambit of the agreement and we will not disturb the arbitrator's interpretation of its terms. *Leechburg.*

In AFSCME's brief to this Court we are urged to consider the Commonwealth's appeal frivolous and award attorney's fees under Pa. R.A.P. 2744 and Pa. R.A.P. 2751. While we have found our earlier decisions in *Burse* to be on point, we do not believe the law in this area to be so well settled that the instant appeal should be considered frivolous.

ORDER

Now, January 12, 1984, the Order of Arvid Anderson, Arbitrator in the above referenced matter, dated March 4, 1982 is hereby affirmed. Respondents' application for damages, costs and attorney's fees is denied.