The American Federation of State, County and Municipal Employees, District Council 88, AFL-CIO, Appellant *v.* County of Berks, Appellee.

Argued May 4, 1984, before Judges DOYLE, COLINS and PALLADINO, sitting as a panel of three.

*Stuart W. Davidson,* with him, *Lee W. Jackson, Kirschner, Walters, Willig, Weinberg & Dempsey,* for appellant.

*Alan S. Readinger,* First Assistant County Solicitor, for appellee.

OPINION BY JUDGE DOYLE, September 6, 1984:

This is an appeal by the American Federation of State, County and Municipal Employees (AFSCME) of an order of the Court of Common Pleas of Berks County overturning an arbitrator's decision which found that fourteen of nineteen employees who had resigned from the union had failed to effectively revoke the deduction of dues from their paychecks.

In April, 1982, a number of Berks County employees sought to resign from AFSCME. The union considered nineteen of the resignations to be ineffective because they failed to specifically revoke dues deduction authorizations and resign from participation in the union as required under the collective bargaining agreement. The County nevertheless honored the resignations and ceased deducting dues from the employees' pay.

AFSCME filed a grievance against the County and the matter went to arbitration. The arbitrator determined that the collective bargaining agreement required two distinct acts, resignation from the union and express revocation of dues check-off authorization. Citing *Burse v. Pennsylvania Labor Relations Board,* 56 Pa. Commonwealth Ct. 555, 425 A.2d 1182 (1981), the arbitrator then analyzed the resignation notices sent by each employee and determined that five employees had satisfied the two-fold requirement under the bargaining agreement and *Burse,* and that

the fourteen remaining employees had not. The arbitrator therefore found the collective bargaining agreement to have been violated and directed the County to reinstate the dues deduction for the fourteen employees and to recover the amount in arrears.

The County appealed the arbitrator's award, as applied to ten of the employees,[1] to the court of common pleas. The court of common pleas acknowledged the deference due the arbitrator's decision, and recognized the applicability of the principles articulated in *Burse*. The court, however, found that the requirement of separate resignations under *Burse* was satisfied. The arbitrator's award was consequently overturned. Appeal to this court followed.

The resignation letters under consideration here fall into three categories. Four stated:

This is to inform you that I am resigning from AFSCME Local 462 effective immediately. I am forwarding a copy of this letter to the County Controller.

Five others stated:

Please accept this letter as my notice of withdrawal as a dues paying member of AFSCME Local 462, AFL-CIO Council 13, effective this date. . . .

Only one letter, that of Sharon L. Fleischer, read:

I am hereby resigning from the union as of this date. Please stop taking dues out of my pay.

The Court of common pleas determined that this last employee had explicitly met the two-fold action

---

[1] The parties submitted stipulated facts to which were appended the resignation letters of ten of the fourteen employees whose resignations were found ineffective by the arbitrator. The record does not disclose why four of the resignees did not participate in the appeal to the court of common pleas.

required under *Burse*.[2] We agree. The letter contains both a statement of resignation from the union *and* an express request that dues deduction cease. That the revocation of authorization of dues deduction is phrased as a polite request rather than an explicit withdrawal of permission is of no particular moment.

With regard to the other employees, the court of common pleas reasoned:

> By necessary implication the remaining nine resigning members also met the two-fold test. Each informed the union of his present resignation, each advised the union that he was either resigning as a "dues paying member" or that he was "forwarding a copy of this letter to the County Controller." *The inference is unavoidable that each of these nine persons fully intended not only to withdraw as union members but also to cease paying dues.* (Emphasis added.)

*County of Berks v. American Federation of State, County and Municipal Employees, District Council 88, AFL-CIO,* (No. 381 August Term, 1982, filed September 9, 1983), slip op. at 5-6. We cannot endorse this rationale. Recently, in a case quite similar to the case at bar, we implicitly rejected the notion that the employee's *intent* rather than what is *expressed* in a resignation letter controls under *Burse*. *See Commonwealth v. American Federation of State, County and Municipal Employees, AFL-CIO, Council 13,* 79 Pa. Commonwealth Ct. 502, 469 A.2d 730 (1984).

In that case, we also reaffirmed the principle that an arbitrator's decision is subject to only a very lim-

---

[2] The arbitrator erroneously grouped the resignation of Sharon Fleischer with those resigning "as dues paying members". In light of the stipulation before the court of common pleas, this was clearly an error.

ited review. *Id.* at 504, 469 A.2d at 731 (citing *Leechburg Area School District v. Leechburg Education Association,* 475 Pa. 413, 380 A.2d 1203 (1977)). We also stressed that the arbitrator's decision may be disturbed on appeal only when it cannot be rationally derived from the collective bargaining agreement. 79 Pa. Commonwealth Ct. at 504, 469 A.2d at 731 (citing *Borough of Norristown Arbitration Case,* 60 Pa. Commonwealth Ct. 163, 430 A.2d 1217 (1981)). Except for the determination as to Sharon Fleischer's resignation, the arbitrator's decision was rationally derived from the terms of the collective bargaining agreement and a correct application of the principles articulated in *Burse,* and should not have been disturbed.

ORDER

Now, September 6, 1984, the order of the Court of Common Pleas of Berks County, dated September 9, 1983, is affirmed with regard to the resignation of Sharon L. Fleischer. With regard to all other matters the order is reversed and the award of the arbitrator reinstated.