American Federation of State, County and Municipal Employees, District Council 84, Local 297, AFL-CIO, Appellant *v*. The Board of Public Education of the School District of Pittsburgh, Pennsylvania, Appellee.

Argued October 7, 1985, before Judges Doyle and Colins, and Senior Judge Blatt, sitting as a panel of three.

*Stuart W. Davidson, Kirschner, Walters, Willig, Weinberg & Dempsey,* for appellant.

*Robert E. Durrant, Meyer, Darragh, Buckler, Bebenek & Eck,* for appellee.

Opinion by Judge Doyle, January 28, 1986:

This is an appeal of the American Federation of State, County and Municipal Employees, District Council 84, Local 297 (AFSCME), from an order of the Allegheny County Court of Common Pleas which reversed the award of a labor arbitrator.

AFSCME is a certified employee organization representing certain non-professional employees of the Board of Public Education of the School District of Pittsburgh (School Board), among whom are employees in the operations department of the School

District. AFSCME and the School Board are parties to a collective bargaining agreement which provides that disputes arising from the agreement are to be resolved by binding arbitration.

In February, 1982, two custodial employees of the School Board bid for a posted vacancy for the position of Fireman A at the South High School. When the position was awarded to the employee with less seniority, the other bidding employee filed a grievance through AFSCME on the grounds that the selection of the less senior employee violated the collective bargaining agreement which provided that such positions are to be awarded to the most senior employee when the skills and abilities of the bidding employees are relatively equal. The grievance was submitted to Arbitrator Lewis R. Amis who held a hearing and thereafter issued an award granting the grievance of the senior employee. In reaching his decision, the Arbitrator discounted the School Board's method of evaluating the two candidates for the position because the evaluation committee did not have first hand knowledge of the employees, and because the criteria used in the evaluation form were either too vague or not relevant in evaluating the employees' ability to perform the job in question. The Arbitrator found instead that the two employees *were* "relatively equal in skill and ability" and that therefore, under the terms of the agreement, the senior employee should be awarded the position.

The School Board appealed to the court of common pleas and, after a hearing, that court reversed the Arbitrator's award, concluding that the Arbitrator's rejection of the School Board's evaluation method was manifestly unreasonable in light of the fact that the method had been in operation for some time, that this method had been found equitable by the same arbitrator six months earlier in an unrelated arbitration,

and that the Arbitrator failed to reopen the record for testimony as to the accuracy of the evaluations. AFSCME brings the present appeal to our Court.

Judicial review of an arbitrator's award is extremely narrow; we are limited to determining whether or not the award draws its essence from the collective bargaining agreement. *Neshaminy Federation of Teachers v. Neshaminy School District,* 501 Pa. 534, 462 A.2d 629 (1983); *Ridley School District v. Ridley Education Association,* 84 Pa. Commonwealth Ct. 117, 479 A.2d 641 (1984). An award draws its essence from the collective bargaining agreement if the interpretation can in any rational way be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention. *Neshaminy; Community College of Beaver County v. Community College of Beaver County, Society of the Faculty,* 473 Pa. 576, 375 A.2d 1267 (1977). Once it has been determined that the award draws its essence from the agreement, the court may not concern itself with the validity of the arbitrator's interpretation. *Scranton Federation of Teachers v. Scranton School District,* 498 Pa. 58, 444 A.2d 1144 (1982); *Commonwealth v. Joint Bargaining Committee of Pennsylvania Social Services Union,* 88 Pa. Commonwealth Ct. 321, 489 A.2d 311 (1985). The court will not disturb an arbitrator's award unless the award cannot in any way be rationally derived from the agreement. *Commonwealth v. American Federation of State, County and Municipal Employees,* 79 Pa. Commonwealth Ct. 502, 469 A.2d 730 (1984).

AFSCME argues that the Arbitrator's award did draw its essence from the collective bargaining agreement, and that the trial court therefore erred in reversing the award. We must agree.

The Arbitrator framed the issue before him as follows:

· ' Did the Board violate the Agreement when it promoted a junior employee ahead of the grievant to fill a vacancy in the job of fireman A?

This issue required the interpretation of Article XVII, Section 2 A of the Agreement which stated:

(4) Where it is deemed that skill and ability are relatively equal among the bidding employees, the Employer shall fill the opening by promoting from among the applicants the qualified employee having the longest continuous service.

After considering the relevant evidence, the Arbitrator concluded that the two employees were "relatively equal" in skill and ability, using the following interpretation of that phrase of the agreement:

The generally accepted standard for finding that a junior employee should step ahead of a senior employee in a situation such as this is that the junior employee must stand head and shoulders in skill and ability above the senior employee.

While the phrase "relatively equal" could have been interpreted in another way, there is no doubt that the Arbitrator's interpretation is a reasonable one, and that an award based on such an interpretation must be held to be rationally derived from the collective bargaining agreement.

The School Board echoes the trial court's concern when it argues that the Arbitrator exceeded his authority in reviewing the adequacy of the School Board's evaluation method. We cannot agree. The results of the School Board's evaluation were simply evidence relevant to the issue of whether the two employees were relatively equal in skill and ability. It was necessary for the Arbitrator to review the evaluation method to determine what weight should be given this evidence. Indeed, the Arbitrator did not outrightly reject or disregard the results of the evaluation,

but simply stated that the results were not dispositive because of the evaluation's inadequacies in form and content. The School District argues that the trial court was correct when it stated that the evaluation method may be considered part of the collective bargaining agreement because of its length of use. Whether or not the evaluation method was incorporated into the agreement, however, was a question of interpretation for the Arbitrator whose decision on that matter we cannot now review. *Scranton Federation of Teachers*.

The School District argues, and the trial court held, that the Arbitrator's award was "manifestly unreasonable" because his reasoning contradicted the reasoning in an unrelated award made previously by the same Arbitrator interpreting the same language in the agreement. Reference is made to a May 17, 1982 award by Arbitrator Amis in which he determined that the School Board's evaluation method was "equitable" and that, in that case, it was dispositive on the issue of the relative ability of two employees. While it is true that an award may be reversed when it is manifestly unreasonable, *see Philadelphia Housing Authority v. Union of Security Officers No. 1*, 500 Pa. 213, 455 A.2d 625 (1983), the "reasonableness" of such an award is determined in relation to the language of the agreement, not in relation to previous decisions of the arbitrator. Whether or not the present award is consistent with any previous award, it is, as we have already determined, based on a reasonable interpretation of the agreement and must therefore be upheld.[1] We have not been directed to

---

[1] We note in passing that we do not consider Arbitrator Amis' previous decision to be in direct conflict to his decision in the present case, since the two cases are factually dissimilar. In the Arbitrator's previous case, the grievant scored thirty points lower in his evaluation than did the employee who was awarded the job, and

any authority, either in case law or in the collective bargaining agreement itself, which would support the proposition that an arbitrator's award has precedential value, and must be followed in future arbitrations involving the same contract language.

Finally, the School Board argues that the Arbitrator's award was properly reversed because of the Arbitrator's refusal to vacate the award and allow additional testimony concerning the evaluation method used by the School Board. At the hearing, the parties stipulated that the respective point scores of the two employees under the evaluation method were accurate and represented the School Board's estimate of their abilities. After the award was entered, the School Board maintained that the Arbitrator had disregarded this stipulation by rejecting the evaluation method. The School Board requested that the award be vacated and that it be allowed to offer evidence to support the results of its evaluation. The Arbitrator denied the request, holding that the stipulation was in no way compromised by his decision. We agree. The Arbitrator did not dispute that the point totals were accurate, or that they were *the School Board's* estimate of the employees' abilities; rather he found that the evaluation method *itself* was in-

---

had a significant history of unsatisfactory work performance. In denying the grievance, the Arbitrator stated:

> Had [the employees'] evaluation scores been closer together, the outcome might have been different, but in this case Brown stands head and shoulders above [grievant]; therefore, [grievant's] far greater seniority cannot work to guarantee him the . . . job.

In the present arbitration, the two employees' point scores differed by only eight points, and neither employee had any history of unsatisfactory work performance. It was not inconsistent with his previous decision, therefore, for the Arbitrator to conclude that in this case the evaluation scores were not dispositive, and that the junior employee did not stand "head and shoulders above" the grievant in skill and ability.

adequate and therefore not determinative in judging the employees' abilities, abilities which he found were relatively equal.

For the foregoing reasons, we are constrained to reverse the decision and order of the court of common pleas, and reinstate the award of the Arbitrator.

ORDER

Now, January 28, 1986, the order of the Court of Common Pleas of Allegheny County, No. GD83-00254, dated June 18, 1984, is hereby reversed, and the Award of the Arbitrator in the above captioned case is reinstated.