513 A.2d 518

Diann Repko et al., Petitioners v. Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board et al., Respondents.

Argued February 5, 1986, before President Judge
CRUMLISH, JR., and Judges ROGERS, CRAIG, DOYLE, BAR-
RY, COLINS and PALLADINO.

*Jeffrey W. Davis,* with him, *Thomas A. Beckley,
Beckley & Madden,* for petitioners.

*Kathryn Speaker MacNett,* with her, *James L.
Crawford* and *Alaine S. Williams, Kirschner, Walters,
Willig, Weinberg & Dempsey,* for respondents.

Opinion by President Judge Crumlish, Jr., July 29, 1986:

Diann Repko and twelve fellow Commonwealth employees appeal a Pennsylvania Labor Relations Board (PLRB) order dismissing exceptions to hearing examiner decisions which concluded that they failed to properly revoke their membership in the American Federation of State, County and Municipal Employees (AFSCME).[1] We affirm.

In August 1978 AFSCME and the Commonwealth entered into a collective bargaining agreement containing the following provisions:

UNION SECURITY

Section 1. Each employe who, on the effective date of this Agreement, is a member of the Union, and each employe who becomes a member after that date shall maintain his/her membership in the Union,[2] provided that such employe may resign from the Union, in accordance with the following procedure:

A. The employe shall send a letter of resignation along with the official membership card of the Union, to the headquarters of Council 13, AFSCME, AFL-CIO and a copy of the letter to his/her agency.

---

[1] Petitioners filed charges of unfair labor practices with the PLRB on November 2, 1981. A hearing was convened before a hearing examiner on May 20, 1981, and a Proposed Decision and Order was issued on August 26, 1982. Petitioners filed exceptions to the Proposed Decision and Order on September 15, 1982. The Board issued a Final Order dismissing the exceptions on May 11, 1983.

[2] Section 401 of the Public Employee Relations Act, Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.401, permits public sector labor contracts requiring union members to maintain their membership during the term of a collective bargaining agreement.

B. *The letter shall be postmarked during the 15 day period prior to the expiration date of this Agreement and shall state that the employe is resigning his/her membership in the Union and where applicable is revoking his/her check-off authorization.*

(Emphasis in original.)

### DUES DEDUCTIONS[3]

Section 1. . . . *This authorization shall be irrevocable by the employe during the term of this Agreement. When revoked by the employe in accordance with Article III, the agency shall hold the check-off of dues effective the first full pay period following the expiration of this Agreement.*

(Emphasis in original.)

As of June 1981, the employees were members of AFSCME and had validly authorized the deduction of AFSCME dues from their salaries. Repko and Jane Melchoir sent letters postmarked June 15, 1981, to the Commonwealth and AFSCME purporting to resign their AFSCME membership and revoke dues deduction authorization. Eleanor Berg and the remaining ten employees sent letters to AFSCME postmarked between June 16, 1981 and June 30, 1981, stating only their desire to resign from AFSCME membership. The Commonwealth initially stopped deducting dues from the employees' paychecks, but ultimately dues were reinstated for all thirteen of them upon the demand of AFSCME.[4] The PLRB concluded that neither AFS-

---

[3] Section 705 of the Public Employee Relations Act, 43 P.S. §1101.705, provides for membership dues as a proper subject of bargaining.

[4] The Commonwealth ceased deducting AFSCME dues on July 1, 1981. However, during July 1981, the Commonwealth and AFSCME agreed that the attempted resignations were ineffective

CME's nor the Commonwealth's actions were unfair labor practices under Section 1201 of the Public Employee Relations Act[5] because (1) the resignation letters sent by Repko and Melchoir had not been properly postmarked within fifteen days of June 30, 1981, the expiration date of the collective bargaining agreement and (2) Berg and the other employees failed to specifically revoke dues deduction authorization.

Our scope of review is limited to a determination of whether the factual findings of the Board were supported by substantial evidence and its conclusions of law were reasonable. *Commonwealth v. Pennsylvania Labor Relations Board (Capital Police)*, 502 Pa. 7, 463 A.2d 409 (1983).

Repko and Melchoir contend that a strict application of the postmark provision impermissibly deprives them of their right to resign from AFSCME. We disagree. The express language in the collective bargaining agreement's revocation provision clearly required a resignation letter to be postmarked during the fifteen-day period prior to the agreement's expiration. Repko and Melchoir's failure to adhere to this condition renders their resignations ineffective. The commonly recognized

---

and by August 14, 1981, the Commonwealth had reinstated the deduction of AFSCME dues from the salaries of petitioners retroactive to July 1, 1981. On September 3, 1981, the Commonwealth reversed its position again as to the petitioners other than Repko and Melchoir. In a related matter, AFSCME filed a grievance with the Commonwealth resulting in an arbitrator's award in which it was determined that the Commonwealth had breached its agreement with AFSCME by discontinuing dues deductions for employees who failed to resign from the Union *and* revoke dues deduction authorizations. This Court affirmed the arbitrator's decision in *Commonwealth v. AFSCME, Council 13 (Keller)*, 79 Pa. Commonwealth Ct. 502, 469 A.2d 730 (1984).

[5] Section 1201 of the Public Employee Relations Act, 43 P.S. §1101.1201.

reason for a postmark requirement is to eliminate mechanical and clerical disputes regarding the timeliness of claims. As this provision is reasonable, we must give it effect.

Berg and the other employees contend that their tendered resignations, despite the absence of a specific dues deduction revocation, were nevertheless effective to revoke dues deduction authorization. We must also reject this contention. In a similar case, we held that "maintenance of membership and dues 'check-off' authorization are separate contractual obligations which require separate acts of resignation and revocation under both PERA and the Collective Bargaining Agreement here at issue." *Burse v. Pennsylvania Labor Relations Board*, 56 Pa. Commonwealth Ct. 555, 563, 425 A.2d 1182, 1186 (1981). We find *Burse* dispositive of this issue.

Berg and the other employees further contend that a dual requirement of membership resignation and dues deduction revocation violates a management directive issued by the Secretary of Budget and Administration[6] providing, in effect, that an employee's valid request to resign his membership is equivalent to a revocation of dues deduction authorization, and vice versa. We disagree and hold that the collective bargaining agreement controls.

A unilaterally imposed directive purporting to change a material provision in the previously settled collective bargaining agreement cannot be effective absent the consent of both the employer and the union. *See Pennsylvania Labor Relations Board v. Mars Area School District*, 480 Pa. 295, 389 A.2d 1073 (1978).

Thus, we conclude that neither AFSCME nor the Commonwealth has committed an unfair labor practice.

---

[6] Management Directive 590.3, *as amended*.

Accordingly, we affirm the decision of the PLRB.

ORDER

The Pennsylvania Labor Relations Board order in Nos. C-81-713-E and C-81-714-E, dated May 11, 1983, are affirmed.