Sarah Capanna, Administratrix of the Estate of Edward J. McGuigan, Jr., Deceased, Appellant *v.* City of Philadelphia, Appellee.

Argued December 11, 1984, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE and BARRY.

*David Rudovsky,* with him, *Martin Heller,* for appellant.

*Barbara W. Mather,* City Solicitor, with her, *Barbara R. Axelrod,* Deputy City Solicitor, and *Michael B. Tolcott,* Assistant City Solicitor, for appellee.

OPINION BY JUDGE BARRY, May 20, 1985:

This case is a companion to *City of Philadelphia v. Middleton,* 89 Pa. Commonwealth Ct. 362, 492 A.2d 763 (1985).

Appellant, Sarah Capanna, appeals an order of the Court of Common Pleas of Philadelphia County sustaining preliminary objections filed by the City of Philadelphia (appellee).

Appellant's complaint in trespass alleges that city police officers in response to a radio call to pick up a "hospital case", instead of taking appellant's decedent to a hospital arrested him and placed him in a cell where he was found dead three hours later. Appellant claims that the decedent's death was caused by the policemen's negligent failure to take him to a hospital.

Appellee responded to the complaint by filing preliminary objections in the nature of a demurrer and a motion to strike on the ground that it is immune to this lawsuit because the cause of action alleged does not fall within any of the exceptions enumerated in Section 8542 of the Political Subdivision Tort Claims Act,

42 Pa. C. S. §8542. Appellant filed an answer asserting that the city has waived its immunity through the enactment of Section 21-700 of the Philadelphia Code.[1] The trial court sustained appellee's preliminary objections and dismissed the action. This appeal followed.

The only question before this Court is whether the City of Philadelphia enjoys governmental immunity or whether it has waived immunity in actions, such as the one presently before us, where bodily injury or death results from the negligent or unlawful conduct of its police officers.

Based on our decision in *City of Philadelphia v. Middleton,* we hold that the city effectively waived immunity in this action and we, therefore, reverse the trial court's decision dismissing appellant's complaint.

ORDER

Now, May 20, 1985, the order of the Philadelphia County Court of Common Pleas dated September 19, 1983 at No. 637 March Term, 1983, is hereby reversed.

Judge WILLIAMS, JR. did not participate in the decision in this case.

---

[1] CHAPTER 21-700. WAIVER OF GOVERNMENTAL IMMUNITY

§21-701. Police Officers.

(a) The City shall not plead governmental immunity as a defense in any civil action commenced by any person sustaining bodily injury or death caused by negligence or unlawful conduct of any police officer while the latter is acting within the scope of his office or employment.

---

DISSENTING OPINION BY PRESIDENT JUDGE CRUMLISH, JR.

I respectfully dissent for the reasons stated in my dissent from the majority's holding in *City of Philadelphia v. Middleton,* 89 Pa. Commonwealth Ct. 362,

A.2d    (1985). I would affirm the trial court's order sustaining the City of Philadelphia's preliminary objections.

Judge Doyle joins in this dissent.