City of Philadelphia, Appellant *v.* Louis Middleton, Appellee.

Argued December 11, 1984, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE and BARRY.

*Barbara W. Mather,* City Solicitor, with her, *Barbara R. Axelrod,* Deputy City Solicitor, for appellant.

*David Rudovsky, Kairys & Rudovsky,* for appellee.

OPINION BY JUDGE BARRY, May 20, 1985:

In this companion case to *Capanna v. City of Philadelphia*, 89 Pa. Commonwealth Ct. 349, 492 A.2d 761 (1985), the Ctiy of Philadelphia (appellant) appeals an order of the Court of Common Pleas of Philadelphia County denying its post-verdict motions for judgment n.o.v. or a new trial.

Louis Middleton (appellee) initiated this action when he filed a suit charging the City of Philadelphia and several of its police officers with false arrest, false imprisonment, assault, battery, and negligent denial of medical care. The complaint also included several federal claims which are not directly at issue in this appeal. The jury found in appellee's favor on all counts based on the following evidence offered at trial.

Appellee, while on a lunch break, suffered a diabetic attack and collapsed on the sidewalk. He was approached by city police officers and was accused of being drunk. When he tried to explain that he was ill, the officers struck him causing severe injuries and loss of consciousness. He was then placed under arrest and taken to a cell where he was locked up for more than eight hours. During this time he received no medical attention despite the fact that he was wearing a wrist bracelet indicating his diabetic condition.

The jury awarded appellee $10,800 for compensatory damages. It also awarded punitive damages against the police officers in the amount of $7,000.00 and against the city in the amount of $13,000.00. The city moved for judgment n.o.v. or a new trial but the trial court denied the motions. This appeal followed.

The only question presently before us is whether the City of Philadelphia enjoys governmental immunity in cases such as this one where police misconduct is alleged. Appellant argues that pursuant to the Political Subdivision Tort Claims Act (Act), 42 Pa. C. S. §§8541-8564, it may not be held liable for any damages

sustained by appellee unless the conduct complained of falls within one of the eight exceptions listed in Section 8542 of the Act. Appellee concedes that his action does not fall within any of these exceptions but he argues that appellant waived its immunity by virtue of Section 21-700 of the Philadelphia Code which provides:

CHAPTER 21-700. WAIVER OF GOVERN-MENTAL IMMUNITY

§21-701. Police Officers.

(a) The City shall not plead governmental immunity as a defense in any civil action commenced by any person sustaining bodily injury or death caused by negligence or unlawful conduct of any police officer while the latter is acting within the scope of his office or employment.

When this ordinance was first enacted by the City Council of the City of Philadelphia in 1962, it waived immunity in all actions arising out of the negligent or unlawful conduct of any city employee. In 1971 the ordinance was amended to cover only actions of police officers. While appellant does not directly challenge the validity of the ordinance at the time it was enacted, it argues that its validity was completely lost in 1978 when the Act was passed. In support of this argument, appellant first relies on Section 802(c) of the Act which provides that "all other acts or part of acts are repealed to the extent of any inconsistency." Appellant submits, alternatively, that even if this Court holds that the ordinance was not expressly repealed by the Act, we must find that it has been repealed by implication because a municipal ordinance which is contradictory or inconsistent with a subsequent state statute is impliedly repealed by the enactment of the statute. *United Tavern Owners of Philadelphia v. Philadelphia School District*, 441 Pa. 274, 272 A.2d 868

(1971). Clearly, both of these arguments rest on the premise that the Act and the ordinance are contradictory or inconsistent. We disagree.

Although this is a question of first impression for our state appellate courts, a Pennsylvania U.S. District Court recently addressed this issue in *Borenstein v. City of Philadelphia*, 595 F. Supp. 853 (E.D. Pa. 1984). The court in *Borenstein* held that the city's waiver of immunity is not at all inconsistent with the Act. The court reviewed the legislative history of the Act and noted that it was enacted in order to reinstate in part the immunity which had been abrogated by *Ayala v. Philadelphia Board of Public Education*, 453 Pa. 584, 305 A.2d 877 (1973). The legislature's main concern was to avoid the possible devastating effects which an unpredictable number of lawsuits would have on municipal budgets. There is no indication, however, that the eight exceptions listed in the Act were intended to be exclusive or that local municipalities were forbidden to waive the immunity granted by the Act. In fact, it is stated in the Report of the Joint State Government Commission on Sovereign Immunity that "as . . . experience with costs of claims and administrative expenses accumulates, limited waivers in other areas of possible liability may be added." May, 1978 Report at 10. The Supreme Court in *Carroll v. County of York*, 496 Pa. 363, 369, 437 A.2d 394, 397 (1981), cited this report as the "basis for the Political Subdivision Tort Claims Act." We, therefore, conclude that the City of Philadelphia acted well within the powers derived from its Home Rule Charter in deciding that it would be in the best interest of its citizens to waive governmental immunity in cases where bodily injury or death has resulted from the negligent or unlawful conduct of its police officers.

It is finally argued by appellant that the ordinance is invalid because the entire area of tort immunity has

been preempted by state law. We find this argument without merit, especially in view of Section 8563(a) of the Act which specifically provides that "[a] local agency may promulgate rules and regulations not inconsistent with this subchapter in order to implement the intent of this subchapter."[1] Clearly, this is not a case where the doctrine of preemption is applicable.

Based on the foregoing, we affirm the trial court's decision denying appellant's post-verdict motions.[2]

### ORDER

Now, May 20, 1985, the order of the Court of Common Pleas of Philadelphia County dated December 6, 1983 at No. 2150 May Term, 1981, is hereby affirmed.

Judge WILLIAMS, JR. did not participate in the decision in this case.

---

[1] Section 8501 of the Judicial Code, 42 Pa. C. S. §8501, defines local agency as "a government unit other than the Commonwealth government."

[2] Although we affirm the trial court's decision, we do not concur with its opinion insofar as it states that the ordinance and the Act are inconsistent.

---

DISSENTING OPINION BY PRESIDENT JUDGE CRUMLISH, JR.:

I respectfully dissent from the majority's holding that the City of Philadelphia's ordinance remains in force and effect despite the General Assembly's enactment of the Political Subdivision Tort Claims Act.

Section 802(c) of the Act as originally enacted[1] provided that "[a]ll other acts or parts of acts are re-

---

[1] The Act was repealed by Section 333 of the Judiciary Act Repealer Act, Act of October 5, 1980, P.L. 693. Although similar provisions are now found in Sections 8541-8564 of the Judicial Code, 42 Pa. C. S. §§8541-8564, there is no express repealer section among them. However, this does not vitiate the repealing effect of former Section 802(c). *See* 1 Pa. C. S. §1977.

pealed to the extent of any inconsistency.'' Even in the absence of this express legislative desire to strike down contrary laws, it is well-settled that a local ordinance cannot be sustained to the extent it contradicts, or is inconsistent with, a state law. *United Tavern Owners of Philadelphia v. Philadelphia School District*, 441 Pa. 274, 272 A.2d 868 (1971). An ordinance conflicts with a statute when it permits that which the statute prohibits. McQuillen, *Municipal Corporations*, §23.07 (1980).

The majority concludes that the City's waiver of immunity for suits involving negligent or unlawful police conduct resulting in bodily injury or death is not inconsistent with the Act. It reaches this result by noting that the legislative history reveals ''no indication . . . that the eight exceptions listed in the Act were intended to be exclusive or that local municipalities were forbidden to waive the immunity granted by the Act.'' This inexplicably ignores a clear, unambiguous statement of legislative intent.

Section 8541 of the Judicial Code[2] states: ''*Except as otherwise provided in this subchapter* (Subchapter C, Actions Against Local Parties), *no local agency shall be liable for any damages* on account of any injury to a person or property caused by any act of the local agency or any employee thereof or any other person.'' (Emphasis added.) This section goes beyond merely clothing local governments with an immunity defense subject to waiver. It plainly forbids *any* damage recoveries against political subdivisions outside the parameters of the exceptions enumerated in Section 8542 of the Code.[3] The City ordinance authorizes the imposition of damages in situations that do not come within Section 8542. Therefore, the ordinance

---

[2] 42 Pa. C. S. §8541.

[3] 42 Pa. C. S. §8542.

permits what the Act expressly prohibits, and it is thus invalid.

While the City's officials are to be lauded for attempting to deal with perceived shortcomings in police conduct, the method chosen by them encroaches upon an area that is purely a subject of legislative direction. The route to the attainment of this remedy lies not in grafting piecemeal local appendages onto the existing legislative design, but in seeking statutory amendments to create a more flexible governmental liability umbrella.

Accordingly, I would reverse the trial court's denial of the City's post-trial motions.

Judge DOYLE joins in this dissent.