532 A.2d 1272

E-Z Parks, Inc., Appellant *v.* Philadelphia Parking Authority, Appellee.

Argued September 14, 1987, before Judge CRAIG, and Senior Judges BARBIERI and KALISH, sitting as a panel of three.

*Bruce L. Thall,* with him, *Gilbert B. Abramson* and *Thomas S. McNamara, Abramson, Cogan, Kogan, Freedman & Thall, P.C.,* for appellant.

*S. David Fineman,* with him, *Diane C. Bernoff, Hunt & Fineman, P.C.;* Of Counsel, *James C. Crumlish, III,* General Counsel, for appellee.

OPINION BY SENIOR JUDGE KALISH, November 4, 1987:

E-Z Parks, Inc. (E-Z Parks) appeals from an order of the Court of Common Pleas of Philadelphia County which granted the motion of the Philadelphia Parking Authority (Authority) for judgment on the pleadings. The trial court found that the Authority was immune from suit under section 8541 of the Judicial Code, 42 Pa. C. S. §8541. We affirm.

This case concerns a piece of property located on the south side of Vine Street, between 15th and 16th Streets in the City of Philadelphia. E-Z Parks' tenancy on the property has been the subject of two prior decisions of this court. *See E-Z Parks, Inc. v. Larson,* 91 Pa. Commonwealth Ct. 600, 498 A.2d 1364 (1985), *aff'd per curiam,* 509 Pa. 496, 503 A.2d 931 (1986) *(E-Z Parks I),* and *E-Z Parks, Inc. v. Philadelphia Parking Authority,* 103 Pa. Commonwealth Ct. 627, 521 A.2d 71 (1987) *(E-Z Parks II).* The facts relevant herein are that on May 27, 1983, the Pennsylvania Department of Transportation (Department) and E-Z Parks entered into a lease whereby E-Z Parks would operate a parking lot upon the property for a period of five years, subject to termination upon ninety days notice by the Department in the event that all or any portion of the property was required "for construction of the highway or related transportation purposes."

Subsequently, on January 17, 1984, while the Department's lease with E-Z Parks was still in force, the Department entered into a joint use agreement with the Authority under which the Authority would lease the property for ninety-nine years and construct a parking garage on the site. On November 21, 1984, the Department notified E-Z Parks that its lease was being terminated "for the construction of the Vine Street Expressway."

E-Z Parks' first legal maneuver was to file a four-count complaint in this court's original jurisdiction.[1] *E-Z Parks I.* The first count was based upon section 2003(e)

---

[1] E-Z Parks' four causes of action in that proceeding were found in counts five through eight of its complaint. For purposes of this opinion, as well as consistency with prior opinions, they shall be referred to as counts one through four. *See E-Z Parks II,* 103 Pa. Commonwealth Ct. at 627, 521 A.2d at 72 n.1; *E-Z Parks I,* 91 Pa. Commonwealth Ct. at 603 n.3, 498 A.2d at 1367 n.3.

of The Administrative Code of 1929,[2] pertaining to the Department's authority, or lack of authority, to buy land. The second and third counts were directed solely against the Department for breach of the lease, and the fourth count sought damages and injunctive relief against the Authority for tortious interference with the lease between E-Z Parks and the Department.

Ruling upon the Department's and the Authority's preliminary objections, this court sustained the objections to the first count, finding that E-Z Parks failed to state a cause of action upon which relief could be granted. The court also sustained objections as to counts two and three, finding that these counts were exclusively within the jurisdiction of the Board of Claims. As to the fourth count, the court dismissed E-Z Parks' claim for monetary damages against the Authority, but ruled that E-Z Parks' claim for injunctive relief could proceed. Since count four was directed solely against the Authority, a local agency, this court lacked jurisdiction to hear the matter, and ordered that part of the case transferred to the Court of Common Pleas of Philadelphia County. *E-Z Parks I.* E-Z Parks appealed this court's decision and our Supreme Court affirmed.

The present suit was filed on May 29, 1986, seeking compensatory and punitive damages[3] from the Authori-

---

[2] Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §513.

[3] We note that under our ruling in *Township of Bensalem v. Press,* 93 Pa. Commonwealth Ct. 235, 501 A.2d 331 (1985), local agencies cannot be held liable for punitive damages even if the cause of action arose between *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 305 A.2d 877 (1973), and the passage of the preceding legislation to the current local government tort immunity law, the Political Subdivision Tort Claims Act, Act of November 26, 1978, P.L. 1399, *repealed by* section 333 of the Act of October 5, 1980, P.L. 693, *formerly,* 53 P.S. §§5311.101-5311.803. *Cf. Feingold v. Southeastern Pennsylvania Transportation Authority,* 512 Pa. 567, 517 A.2d 1270 (1986) (punitive damages may not be assessed against an agency of the Commonwealth).

ty for the Authority's alleged tortious interference with the lease between E-Z Parks and the Department, as well as on the basis of a civil conspiracy between the Department and the Authority to deny E-Z Parks its rights under the lease.[4] The Authority then moved for judgment on the pleadings on four separate grounds. The first ground asserted was that E-Z Parks' action was barred by section 8541 of the Judicial Code because the causes of action contained in the complaint did not fall within any of the eight exceptions to governmental immunity provided in section 8542(b) of the Judicial Code, 42 Pa. C. S. §8542(b). The other objections asserted that the action was barred by the doctrines of res judicata or collateral estoppel, that E-Z Parks had failed to join an indispensable party (the Department), and that the complaint failed to state a cause of action upon which relief could be granted. The trial court granted the Authority's motion on the basis of governmental immunity without passing upon the other grounds. This appeal followed.

In reviewing a grant of judgment on the pleadings, our scope of review is limited to determining whether the trial court committed an error of law or abused its discretion. *Agostine v. School District of Philadelphia,* 106 Pa. Commonwealth Ct. 492, 527 A.2d 193 (1987). A motion for judgment on the pleadings is in the nature of a demurrer in which all of the opposing party's well-

---

[4] On May 30, 1986, E-Z Parks filed another suit in the Court of Common Pleas of Philadelphia County seeking to have the agreement between the Department and the Authority declared void on the ground that the Authority had exceeded its power in entering into the contract. The trial court subsequently dismissed E-Z Parks' complaint in that case on the ground that E-Z Parks had failed to join the Department as an indispensable party to the action. The trial court's ruling was affirmed on appeal to this court. *E-Z Parks II.*

pleaded allegations are viewed as true, but only those facts specifically admitted by the objecting party may be considered against him. *Karns v. Tony Vitale Fireworks Corp.*, 436 Pa. 181, 259 A.2d 687 (1969). Such motions may only be granted in cases where no material facts are at issues and the law is so clear that a trial would be a fruitless exercise. *Beardell v. Western Wayne School District,* 91 Pa. Commonwealth Ct. 348, 496 A.2d 1373 (1985).

E-Z Parks' initial argument is that the immunity provided local agencies by section 8541 applies only to *physical* injuries and not economic injuries. For this contention, E-Z Parks relies upon the language of section 8541, which provides:

> Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by the act of the local agency or an employee thereof or any other person.

42 Pa. C. S. §8541. E-Z Parks argues that the legislature's use of the phrase "injury to a person or property" in section 8541 evinces a legislative intent to exclude torts involving purely economic injury from that section's operation.

E-Z Parks further asserts that it was the legislature's intent to make the governmental immunity provided by section 8541 narrower than the sovereign immunity granted the Commonwealth under section 8521(a) of the Judicial Code, 42 Pa. C. S. §8521(a), and this is shown by the language of section 8521(a), which states that "[e]xcept as otherwise provided in this subchapter, no provision of this title shall constitute a waiver of sovereign immunity for the purposes of 1 Pa. C. S. §2310 (relating to sovereign immunity reaffirmed; specific waiver) or otherwise." 1 Pa. C. S. §2310 reads as follows:

> Pursuant to section 11 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedures) unless otherwise specifically authorized by statute.

The theory is that because the grant of sovereign immunity as provided above is absolute and, whereas the immunity of local agencies is limited to "injuries to a person or property," the grant of immunity to local agencies must be narrower than that of sovereign immunity.

Proceeding from this premise, E-Z Parks argues that since the phrase "injury to a person or property" is not defined in Chapter 85 of the Judicial Code, 42 Pa. C. S. §§8501-8564, or section 102 of the Judicial Code, 42 Pa. C. S. §102, we must construe the term in accordance with its supposed common-law meaning. E-Z Parks then cites a half-dozen cases from other jurisdictions in support of its interpretation of the phrase "injury to a person or property."

We find E-Z Parks' argument to be without merit. The difference in language between section 8521(a) and section 8541 does not show a legislative intent to make the governmental immunity of local agencies narrower than that of the sovereign immunity of the Commonwealth; rather, the difference in wording reflects a leg-

islative recognition that sovereign immunity is grounded in Article I, section 11 of the Pennsylvania Constitution, whereas the present governmental immunity is solely statutory. Our Supreme Court held in *Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978), that while Article 1, section 11 of the Pennsylvania Constitution did not compel the doctrine of sovereign immunity, the legislature could declare the doctrine of sovereign immunity to be the law of Pennsylvania. 1 Pa. C. S. §2310 is the legislature's proclamation that sovereign immunity is the constitutional rule.

Further, if the statute is unclear, the cardinal objective of statutory construction is to ascertain and give effect to the legislative intent underlying the legislation. *Pennsylvania Human Relations Commission v. Alto-Reste Park Cemetery Association,* 453 Pa. 124, 306 A.2d 881 (1973); *Detweiler v. Derry Township Municipal Authority,* 29 Pa. Commonwealth Ct. 277, 370 A.2d 810 (1977). Our Supreme Court has already stated that the legislative intent underlying the legislature's enactment of Subchapter C of Chapter 85 of the Judicial Code, 42 Pa. C. S. §§8541-8564, was to insulate political subdivisions (and other governmental bodies such as parking authorities) from tort liability. *Mascaro v. Youth Study Center,* 514 Pa. 351, 361, 523 A.2d 1118, 1123 (1987). Statutes must also be interpreted so as to give effect to all their provisions. Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(a); *Rhoads v. Lancaster Parking Authority,* 103 Pa. Commonwealth Ct. 303, 520 A.2d 122 (1987), *petition for allowance of appeal denied,* 515 Pa. 611, 529 A.2d 1084 (1987). And non-technical terms contained in these statutes will be construed according to their common and approved usage. Section 1903(a) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1903(a); *Unionville-Chadds Ford*

*School District v. Rotteveel,* 87 Pa. Commonwealth Ct. 334, 487 A.2d 109 (1985). In the present case, section 8541 states that "no local agency may be held liable for damages on account of *any* injury to a person or property. . . ." (Emphasis added.) The word "any" in section 8541 modifies the word "injury." Our Supreme Court has stated that "[t]he word 'any' is generally used in the sense of 'all' or 'every' and its meaning is most comprehensive." *Belefski Estate,* 413 Pa. 365, 375, 196 A.2d 850, 855 (1964). Consequently, any suit involving an injury, whether the injury is physical, mental, reputational or economic, is barred, unless the suit falls within one of the eight exceptions to immunity contained in section 8542(b). Since the present suit of E-Z Parks does not allege any cause of action which falls within any of the exceptions, it is barred. *Faiella v. Bartoles,* 102 Pa. Commonwealth Ct. 258, 517 A.2d 1019 (1986).

E-Z Parks next contends that the immunity granted to the Authority by section 8541 of the Judicial Code is waived by section 5(b)(2) of the Parking Authority Law (Law),[5] which provides in relevant part:

(b)  Every Authority is hereby granted and shall have and may exercise all powers necessary or convenient for the carrying out of the aforesaid purposes including, but without limiting the generality of the foregoing, the following rights or powers:

. . . .

(2)  To sue and be sued, implead and be impleaded, complain and defend in all courts.

53 P.S. §345(b)(2). This argument is equally unavailing.

While there are certain circumstances where governmental immunity may be waived by statute or ordi-

---

[5] Act of June 5, 1947, P.L. 458, *as amended,* 53 P.S. §345(b)(2).

nance, *see City of Philadelphia v. Middleton,* 89 Pa. Commonwealth Ct. 362, 492 A.2d 763 (1985), such is not the case here. Section 5 of the Law enumerates the powers of parking authorities, with section 5(b)(2) giving parking authorities the right "[t]o sue and be sued." Section 5(b)(2) does not itself create any liability. *Cf. Vann v. Board of Education of the School District of Philadelphia,* 76 Pa. Commonwealth Ct. 604, 608 n. 5, 464 A.2d 684, 686 n. 5 (1985). It merely allows parking authorities to bring suit when they are able to do so, and *be sued when the law allows persons to bring suit against them.* Moreover, we note that section 5(b)(2) was enacted by the legislature not only prior to the current statutory governmental immunity, but before our Supreme Court's abolition of common-law governmental immunity in *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 305 A.2d 877 (1973). Section 5(b)(2) was never interpreted prior to *Ayala* as waiving a parking authority's governmental immunity, nor will we do so now. Even if section 5(b)(2) did constitute a waiver of the Authority's immunity, E-Z Parks' suit would still be barred by section 8541 of the Judicial Code because section 5(b)(2) of the Law is a previously enacted statute. *See Olympic, Inc. v. McKeesport Municipal Water,* 104 Pa. Commonwealth Ct. 107, 521 A.2d 95 (1987).[6]

---

[6] In any event, E-Z Parks' cause of action against the Authority for tortious interference with a contractual relationship is barred by principles of res judicata. In *E-Z Parks I,* we dismissed that portion of count four (tortious interference) of the complaint, which sought monetary damages from the Authority. *Id.* at 609, 498 A.2d at 1369. It is hornbook law that the doctrine of res judicata encompasses not only those issues, claims or defenses that were actually raised in the prior proceeding, but also those which could have been raised, but were not. *Duquesne Light Co. v. Pittsburgh Railways Co.,* 413 Pa. 1, 194 A.2d 319 (1963), *cert. denied,* 377 U.S.

Lastly, the Authority urges us to consider E-Z Parks' appeal frivolous and award costs, damages, and counsel fees pursuant to Pa. R.A.P. 2744. We decline to do so. Given the lack of appellate case law and novelty of the issues raised by E-Z Parks, we find the appeal not to be frivolous, even though resolution of this case turned on application of well-settled principles of statutory construction. *See Commonwealth v. American Federation of State, County and Municipal Employees*, 79 Pa. Commonwealth Ct. 502, 469 A.2d 730 (1984).

Affirmed.

### ORDER

NOW, November 4, 1987, the order of the Court of Common Pleas of Philadelphia County, No. 4941 May Term, 1986, dated March 25, 1987, is hereby affirmed.

President Judge CRUMLISH, JR. did not participate in the decision in this case.

---

924 (1964); *Greene Landfill, Inc. v. Greene Township Zoning Hearing Board*, 46 Pa. Commonwealth Ct. 602, 407 A.2d 903 (1979). In *E-Z Parks I*, E-Z Parks had an opportunity to litigate the particular theory on which it now claims that count four is not barred by section 8541 of the Judicial Code, but failed to do so. Consequently, it cannot now seek to revive its claim of tortious interference against the Authority, this time advancing a different theory to escape the immunity bar.