596 A.2d 1181

**MOON TOWNSHIP MUNICIPAL AUTHORITY, Appellant,**

v.

**COUNTY OF ALLEGHENY, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Feb. 12, 1991.

Decided Aug. 12, 1991.

Richard J. Mills, for appellant.

James J. Dodaro, County Sol., for appellee.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, SMITH, PELLEGRINI, and BYER, JJ.

COLINS, Judge.

The Moon Township Municipal Authority (Moon Authority) appeals from the June 19, 1990 order of the Court of Common Pleas of Allegheny County (Common Pleas) which granted the motion for partial judgment on the pleadings of the County of Allegheny (County) and ordered the Moon Authority to convey to the County the Montour Run Waste Water Treatment Plant (Plant), certain intercepting and main sewers from the Plant to the Greater Pittsburgh International Airport (Airport), improvements to those facilities, and all rights of way, land, and other related facilities. The order further preserved for trial all remaining issues, including proper compensation or reimbursement to the Moon Authority, and dismissed the Moon Authority's motion for judgment on the pleadings.[1]

On August 13, 1970, the Moon Authority and the County entered into an agreement (Agreement) pursuant to which the Moon Authority would furnish sewage services for the Airport. The Moon Authority agreed to design and construct a sanitary sewage treatment plant and a sewage system adequate to serve the Montour Run drainage area and the Airport. The County agreed to pay the Moon Authority certain sums of money for specified construction costs and for the treatment of sewage. Pursuant to Article XXI, the Moon Authority agreed that "if an area-wide Authority is created by the County for the purpose of enlarging and/or operating sanitary sewerage facilities, that the [Moon] Authority will convey to the new [area-wide] Authority facilities of the Moon Authority constructed under this Agreement ...; such conveyance to be based on the payment to the Moon Authority of an amount equal to

1. Common Pleas' June 19, 1990 order refers to the Moon Authority's motion for judgment on the pleadings as a motion for summary judgment.

the reproduction cost less depreciation, and to include payment for all related costs incurred by the [Moon] Authority in the acquisition and transfer...."

In 1988, the County Board of Commissioners created an area-wide authority and notified the Moon Authority of the County's intent to exercise its option pursuant to Article XXI of the Agreement. When the Moon Authority refused to transfer the plant, the County filed a complaint in equity seeking specific performance of the conveyance. The County filed a motion for partial judgment on the pleadings, averring that specific performance must be ordered as a matter of law pursuant to Article XXI of the Agreement and that all conditions precedent to that conveyance had been satisfied. The motion also sought to have the issue of compensation for the conveyance preserved for trial. Shortly thereafter, the Moon Authority filed an answer and its own motion for judgment on the pleadings. The Moon Authority averred, in its motion, that the conveyance was barred by the Municipality Authorities Act of 1945 (Act), Act of May 2, 1945, P.L. 382, *as amended*, 53 P.S. §§ 301—322.

After argument on both motions, Common Pleas issued its order on June 19, 1990. That order granted the County's motion for partial judgment on the pleadings and preserved the issue of compensation for trial. Additionally, the order dismissed the motion for judgment on the pleadings of the Moon Authority.

The Moon Authority filed its notice of appeal to this Court on July 18, 1990. Docketed to 1593 C.D.1990, the action was dismissed as interlocutory by this Court's order of January 25, 1991. Previously, on January 11, 1991, the Moon Authority filed a second notice of appeal pursuant to Pa.R.A.P. 1311, Interlocutory Appeals by Permission. Also previously, on December 19, 1990, Common Pleas granted the Moon Authority's request for certification of its order pursuant to 42 Pa.C.S. § 702(b), which states that an interlocutory order may be certified for appeal if it "involves a controlling question of law as to which there is substantial

ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter...." This Court, by order of January 25, 1991, granted the Moon Authority permission to appeal and transferred the briefs, original record, and reproduced record from 1593 C.D.1990 to 214 C.D.1991, the present docket number for this action.

The Moon Authority presents two issues for our review:

1. Is a trial court order final and appealable, where it compels a municipal authority, a statutory creature, to act outside its enabling legislation, and forces the authority to litigate and go to trial on issues which cannot statutorily be asserted against it, particularly where the trial court itself notes the legislative limits?

2. Under the Municipality Authorities Act of 1945, 53 P.S. §§ 301–322, can an authority created by one municipality be compelled to convey its project or property to an authority later created by another municipality, and to violate its own pre-existing trust indenture?

"In reviewing a grant of judgment on the pleadings, our scope of review is limited to determining whether the trial court committed an error of law or abused its discretion." *E–Z Parks, Inc. v. Philadelphia Parking Authority*, 110 Pa.Commonwealth Ct. 629, 633, 532 A.2d 1272, 1275 (1987), *petition for allowance of appeal denied*, 519 Pa. 656, 546 A.2d 60 (1988).

The Moon Authority first argues that although Common Pleas' June 19, 1990 order is interlocutory, this Court should hear the appeal from that order, because the order requires the Moon Authority to act outside the scope of its authority pursuant to the Act. We will not address this issue, because it is moot. On December 19, 1990, Common Pleas certified its interlocutory order for appeal, and on January 25, 1991, this Court granted the Moon Authority permission to appeal. This appeal, therefore, is properly before this Court.

■■■■ The Moon Authority next argues that the Plant cannot be transferred to the area-wide authority, because such a transfer is not permissible pursuant to Sections 14 and 18(A) of the Act. Section 14 states:

> When any Authority shall have finally paid and discharged all bonds which, together with the interest due thereon, shall have been secured by a pledge of any of the revenues or receipts of a project, it may (subject to any agreements concerning the operation or disposition of such project) convey such project to the municipality or municipalities creating the Authority, or where the project is a public school project to the school district or school districts to which such project was leased.

53 P.S. § 317. Section 18(A) of the Act states:

> If a project shall have been established under this act by a board appointed by a municipality or municipalities, which project is of a character which the municipality or municipalities have power to establish, maintain or operate, and such municipality or municipalities desire to acquire the same, it or they may by appropriate resolution or ordinance adopted by the proper Authorities, signify its or their desire to do so, and thereupon the Authorities shall convey by appropriate instrument said project to such municipality or municipalities, upon the assumption by the latter of all the obligations incurred by the Authorities with respect to that project.

53 P.S. § 321(A).

According to the Moon Authority, the Plant cannot be transferred to an area-wide authority pursuant to the Agreement, because such a transfer is not specifically addressed in the Act. The Moon Authority argues that, pursuant to rules of statutory construction, *expressio unius est exclusio alterius*, that is, "when the legislature includes specific designations in an act, omissions from the list of items or things mentioned should be regarded as exclusions." *City Council of Hazleton v. City of Hazleton*, 134 Pa.Commonwealth Ct. 174, 180, 578 A.2d 580, 583 (1990).

The County argues, however, that the Moon Authority ignores Section 4 B(d) and the parenthetical language of Section 14 of the Act. We agree. Section 4 B(d) states that each Authority created pursuant to the Act has the right and the power "to sell, lease as lessor, transfer and dispose of any property or interest therein at any time acquired by it." 53 P.S. § 306 B(d). Additionally, the parenthetical language of Section 14 of the Act limits the conveyance of an Authority's property to the municipality or municipalities that created the Authority. Such conveyances are "subject to any agreements concerning the operation or disposition of such project." 53 P.S. § 317. Contrary to the Moon Authority's argument that the Act provides for the transfer of an Authority's property only to the municipality or municipalities that created that Authority, the Act specifically permits an Authority to sell, lease, transfer or dispose of its property without limitation. *See Burke v. North Huntingdon Township Municipal Authority*, 390 Pa. 588, 136 A.2d 310 (1957), wherein a township municipal authority sold its water works to a county municipal authority.

Sections 14 and 18(A) of the Act apply only when property is being transferred to the municipality or municipalities which created the Authority owning that property. Those sections do not apply to the conveyance at issue in the present case.

█ The Moon Authority further argues that conveyance of the Plant to the County would violate the Moon Authority's trust indenture, which states that no contract can be entered into or action taken which might impair or diminish the rights of the bondholders as long as any of the bonds secured by the trust indenture are outstanding. Additionally, the trust indenture states that a sale of property valued greater than $5,000 cannot be made unless the consulting engineer files a certificate recommending the sale and stating that the sale is in the best interests of the Moon Authority and will not impair the security of the bond. The Moon Authority alleges, in its amended answer to complaint

in equity and new matter, that the consulting engineer will not issue the required certification.[2]

The County argues that the superficial appeal of the Moon Authority's argument is undermined by the fact that the agreement was adopted seven years after the execution of the trust indenture. According to the County, we must assume that the parties negotiated and approved the language in the Agreement knowing full well the language in the trust indenture. "Any other interpretation [, according to the County,] would assume that the Moon Authority entered into the agreement in bad faith without ever intending to honor the option provision." We agree, and we will require Common Pleas, when it issues its final order in this matter, to protect the rights of the bondholders and to secure the certification of the consulting engineer.

Accordingly, the order of Common Pleas is affirmed, and this case is remanded for further action consistent with this opinion.

## ORDER

AND NOW, this 12th day of August, 1991, the June 19, 1990 order of the Court of Common Pleas of Allegheny County is affirmed and this case is remanded for further action on all remaining issues, including proper compensation to the Moon Township Municipal Authority for conveyance of the Montour Run Waste Water Treatment Plant, certain intercepting and main sewers, improvements to those facilities, and all rights of way, land, and other related facilities, pursuant to Article XXI of the August 13, 1970 agreement between the parties.

The Court of Common Pleas of Allegheny County is directed, in its final order in this matter, to require that the conveyance shall not occur until the present bondholders

**2.** We must accept the Moon Authority's allegation as true, because "[a] motion for judgment on the pleadings is in the nature of a demurrer in which all of the opposing party's well-pleaded allegations are viewed as true...." *E–Z Parks,* 110 Pa.Commonwealth Ct. at 633–34, 532 A.2d at 1275.

have been paid in full. Said final order shall also require the consulting engineer to file the certification required by the trust indenture.

Jurisdiction relinquished.