**Sims v. Silver Springs-Martin Luther School**

*Larry Glass,* for plaintiff.

*M. Douglas Eisler,* for defendants Silver Springs-Martin Luther School, Lutheran Home at Germantown, Diane Gallagher and Frank J. Whitcombe Sr.

*George F. Dale,* for defendant Colonial School District.

*Joseph J. Santarone Jr.,* for defendants David M. Nagle, Jeanne Marie Epps and Whitemarsh Township.

ROSSANESE, *J.,* April 16, 1992—This is an appeal from this court's order of January 22, 1991, granting summary judgment in favor of co-defendant township of Whitemarsh, against both defendant Colonial School District, and plaintiff William D. Sims. Both of these parties

appealed and submitted their statement of matters complained of pursuant to this court's 1925(b) order.

## FACTS

This suit was commenced by plaintiffs to recover damages for the drowning death of plaintiff's decedent William H. Sims, a minor, on April 27, 1984. The drowning occurred at the Plymouth-Whitemarsh Senior High School swimming pool, which is the property of defendant Colonial School District.

Pursuant to a contract between Colonial School District and defendant township of Whitemarsh, the township was using the pool on the evening of the drowning. The township also provided its own lifeguards, defendants David M. Nagle and Jeanne Marie Epps-O'Brien, who were attendant at the pool the night of the drowning.

On May 22, 1986, plaintiffs filed their complaint against defendants David M. Nagle, Jeanne Marie Epps-O'Brien and Whitemarsh Township and Colonial School District. Colonial School District filed their 2252(d) cross-claim against Whitemarsh alleging that, on the basis of a contract between the two, Whitemarsh was jointly liable or liable over to Colonial School District for the death of plaintiff's decedent.

## ISSUES

With few exceptions, defendant Colonial School District and plaintiff Sims' basis for appeal are identical and will be incorporated here. They allege the following points of error:

(1) Trial court erred in granting defendant Whitemarsh's and Sim's motion for summary judgment in that there are material questions of fact as to whether township

of Whitemarsh had "care, custody, or control of real property in its possession" at the time of the accident;

(2) There are genuine issues of fact as to whether the swimming pool was in a defective condition, the defect of which was established through the expert report and deposition testimony of Dr. Ralph L. Johnson.

(3) Defendant Whitemarsh is jointly liable or liable over to defendant Colonial School District by virtue of the contract wherein the township of Whitemarsh agreed to be responsible for its own actions and activities while using the Colonial School District pool.

(4) Summary judgment should not have been entered against plaintiff because, under the same contract, plaintiff's decedent was a third-party beneficiary.

## DISCUSSION

### Standard of Review

Under Pa.R.C.P. 1035(b), moving party is entitled to a judgment as a matter of law, if the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits show there is no genuine issue as to any material fact. *Giddings v. Tartler,* 130 Pa. Commw. 175, 567 A.2d 766 (1989), *Staiano v. Johns Manville Corp.,* 304 Pa. Super. 280, 450 A.2d 681 (1982).

Trial court's grant of summary judgment will only be reversed if there has been error of law or a clear abuse of discretion. *MacCain v. Montgomery Hospital,* 396 Pa. Super. 415, 578 A.2d 970 (1990), *Lower Lake Dock Co. v. Messinger Bearing Corp.,* 395 Pa. Super. 456, 577 A.2d 631 (1990).

It should first be noted that both plaintiffs and defendant Colonial's basis for appeal allege that this court erred in its finding that no genuine issue of fact existed. As

noted above, mistake as to fact is not a basis for review. Nonetheless, this court will address the merits of appellants' arguments.

## I. SUMMARY JUDGMENT GRANTED

*Trial court properly granted summary judgment. Defendant township of Whitemarsh did not have "care, custody, or control of real property in its possession" within the meaning of 42 Pa.C.S. §8542(b)(3).*

Both defendant and plaintiff argue that defendant Whitemarsh is liable under an exception to governmental immunity at 42 Pa.C.S. §8542(b)(3), which is the real property exception.

There is no doubt that Whitemarsh Township is a local agency as defined by the Actions Against Local Parties Act, 42 Pa.C.S. §8501 et seq. Thus, the provisions of the Act apply to the instant action. The Act states that municipalities and their employees are immune from liability resulting from tortious conduct, 42 Pa.C.S. §8541. A plaintiff asserting a claim against a local agency must comply precisely with all of the statutory requirements of Title 42 Pa.C.S. §8542 et seq. Section 8542 of the Act provides that liability may be imposed only if two conditions[*] are satisfied and if the injury occurs as the

---

[*] "Section 8542. *Exceptions to governmental immunity.*

"(a) Liability imposed—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

"(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

result of one of the eight enumerated exceptions to immunity described in section 8542(b). Therefore, in order to succeed on a claim against a municipality or an employee thereof, section 8542(a) requires that two threshold conditions must be satisfied.

It is well-established in this Commonwealth that the exceptions to the general grant of governmental immunity must be narrowly construed. Section 1924 of the Statutory Construction Act of 1972, 1 Pa.C.S. §1982; *Casey v. Geiger, supra.* See also, *Vann v. Board of Education of the School District of Philadelphia,* 76 Pa. Commw. 604, 464 A.2d 684 (1983); *Burkey v. Borough of Auburn,* 100 Pa. Commw. 110, 514 A.2d 273 (1986).

Title 42 Pa.C.S. §8542(b) provides:

"(b) *Acts which may impose liability*—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency;...

"(3) *Real Property*—The care, custody or control of real property in the *possession* of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on property in the possession of the local agency." (emphasis added)

This court, in viewing the pleadings and evidence in the light most favorable to appellants, concluded that defendant Whitemarsh was not in possession of real property at the time of the accident.

---

"(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, 'negligent acts' shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct."

In addition to the fact that the pool was not located in Whitemarsh Township, Whitemarsh did not own the pool, maintain the pool, nor was it responsible for making repairs on the pool. Defendant Whitemarsh did have a contract with defendant Colonial dated June 15, 1975, whereby they were entitled to restricted (some Fridays and Saturdays) use of the pool and they provided their own lifeguards when they did use the pool. This is not enough to constitute "possession" in the light of the relevant case law. This court can cite to no authority that would extend the definition of "possession" to the instant facts. Accordingly, appellants have not established liability under 42 Pa.C.S. §8542.

## II. POOL NOT DEFECTIVE

*The swimming pool was not in a defective condition at the time of the accident.*

Assuming, *arguendo*, that the swimming pool was real estate in *possession* of defendant Whitemarsh, this court concludes that the swimming pool was not in a defective condition. Plaintiffs allege that the pool was defective for the following reasons:

(1) inadequate and substandard levels of illumination;
(2) absence of a lifeline; and
(3) an improperly designed slope.

This court took great pains to carefully examine and evaluate the facts as pled by all parties involved. This court likewise concluded plaintiff's decedent drowned when the lifeguard employed by defendant Whitemarsh had become preoccupied. This inability to aid plaintiff's decedent was a direct cause of the drowning. While this court is well aware of the expert report and deposition testimony of plaintiff's expert, Dr. Ralph L. Johnson, the undersigned finds this to be a case of negligent supervision, not of design defect. It is well-settled that a local agency

cannot be held liable under 42 Pa.C.S. §8542 on the basis of negligent supervision. *Prescott by Tames v. Philadelphia Housing Authority,* 124 Pa. Commw. 124, 555 A.2d 305 (1989); *McCloskey v. Abington School District,* 115 Pa. Commw. 289, 539 A.2d 946 (1988); *Davis v. Barnes,* 94 Pa. Commw. 145, 503 A.2d 933 (1986).

## *III.* TOWNSHIP NOT LIABLE

*Defendant Whitemarsh is not jointly liable or liable over to defendant Colonial on Colonial's cross-claim.*

Both defendant Colonial and plaintiff Sims are seeking to impose liability on Whitemarsh based on a contract theory. Colonial on the cross-claim and plaintiff decedent as third-party beneficiary. Both parties call the court's attention to the contract between Whitemarsh and Colonial dated June 15, 1975.

Title 42 Pa.C.S. §8541 reads:

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of *any* injury to a person or property caused by an act of the local agency or an employee thereof or any other person." (emphasis added)

In *E-Z Parks Inc. v. Philadelphia Parking Authority,* 110 Pa. Commw. 629, 532 A.2d 1272 (1987), *appeal denied,* 546 A.2d 60 (1988), the court stated "the word 'any' is generally used in the sense of 'all' or 'every' and its meaning is most comprehensive," *Id.* at 637, 532 A.2d at 1276, citing *Belefski Estate,* 413 Pa. 365, 375, 196 A.2d 850, 855 (1964). "Consequently, any suit involving an injury, whether the injury is physical, mental, reputational or economic, is barred, unless the suit falls within one of the eight exceptions to immunity contained in section 8542(b)." *Id.* at 637, 532 A.2d at 1277. This decisional law, when viewed in conjunction with the statu-

tory mandate that exceptions to the grant of immunity are to be narrowly construed, leads to the inescapable conclusion that the legislature never contemplated that a local agency could be held liable for tort damages under a contract theory as an exception to sovereign immunity. Appellants have produced no authority to convince us otherwise. We feel that the weight to be given this contract may be relevant to the issues of indemnification and/or contribution but not as a basis for imposing absolute liability on defendant Whitemarsh.

Assuming, *arguendo,* that 42 Pa.C.S. §8542 did allow for a breach of contract, we are not convinced that the language of the contract was sufficient to establish that Whitemarsh was to assume liability for damages under the present facts. Paragraph A(8)(1) contemplates property damage but is silent as to liability for personal injury. Paragraph C(1) and (2) are *mutual* disclaimers and do not indicate that Whitemarsh was to assume liability. The terms of the contract itself make it questionable as to whether Colonial could succeed on the merits in a breach of contract action on the issue of assumption of liability. However, we do not have to decide this issue.

## *IV.* DECEDENT NOT THIRD-PARTY BENEFICIARY

*Plaintiff's decedent was not a third-party beneficiary under this contract.*

We concluded that the contract between Whitemarsh and Colonial does not result in the imposition of liability against defendant Whitemarsh. Consequently, plaintiff cannot succeed on his claim that plaintiff's decedent was a third-party beneficiary to that same contract.

## CONCLUSION

For the reasons discussed, the order granting summary judgment for defendant Whitemarsh should be affirmed.