## Hillworth v. Smith

*Jesse L. Pleet,* for plaintiff.
*Bradley Davis Miller,* for defendant Daniel A. Smith.
*Jay N. Abramowitch,* for defendant Harry J. Smith.

ESHELMAN, *J.,* May 27, 1992—Plaintiff has appealed from our order entered in the above-captioned matter on April 13, 1992, which granted defendant Daniel A. Smith's motion for summary judgment. This opinion is in support of our order pursuant to Pa.R.A.P. 1925.

Plaintiff brought this action to recover damages for personal injuries she sustained in an automobile accident on July 16, 1986, while she was a passenger in a vehicle operated by the defendant, Daniel A. Smith, and owned by the defendant, Harry J. Smith. Summary judgment has been entered in favor of the defendant, Harry J. Smith, and he is no longer a party to this action.

The plaintiff executed a release on September 28, 1987, releasing the defendant, Daniel A. Smith, from any and all claims she had against him as the result of the accident of July 16, 1986, excepting only plaintiff's right to bring suit against Daniel A. Smith "for the benefit of Donegal

Mutual Insurance Co. *only* to the extent of its underinsured motorist coverage payment of $100,000" under Donegal's policy number PA D376154.

The pleadings are closed and there is no genuine issue as to any material fact. The defendant, Daniel A. Smith, is entitled to judgment in his favor as a matter of law on the basis of the prior release executed by the plaintiff.

Pennsylvania Rule of Civil Procedure 1034 provides:

"(a) After the pleadings are closed, but within such time as not to delay trial, any party may move for judgment on the pleadings.

"(b) The court shall enter such judgment or order as shall be proper on the pleadings."

The principles governing a defendant's motion for judgment on the pleadings were summarized in *E-Z Parks Inc. v. Philadelphia Parking Authority,* 110 Pa. Commw. 629, 532 A.2d 1272, *appeal denied,* 519 Pa. 656, 546 A.2d 60 (1987):

"A motion for judgment on the pleadings is in the nature of a demurrer in which all of the opposing party's well-pleaded allegations are viewed as true, but only those facts specifically admitted by the objecting party may be considered against him. Such motions may only be granted in cases where no material facts are at issue and the law is so clear that a trial would be a fruitless exercise." *Id.* at 633, 532 A.2d at 1275.

In determining a motion for judgment on the pleadings, the court must limit its consideration to the pleadings and any relevant documents attached thereto. *Vogel v. Berkley,* 354 Pa. Super. 291, 511 A.2d 878 (1986).

In the case sub judice, plaintiff has alleged a cause of action grounded in negligence and based upon a motor

vehicle accident which occurred on July 16, 1986. For the purposes of a motion for summary judgment, all well-pleaded facts in the complaint are deemed to be true. There is no dispute as to any fact pleaded in the complaint which is material to this motion.

In his new matter, defendant Daniel A. Smith raised as a defense the existence of a release executed by the plaintiff and attached a copy of the release to his pleading. The plaintiff filed a reply to the defendant's new matter, admitting "that the plaintiff executed a document entitled 'Release' and that a copy of the release appears as Exhibit 'A' attached to the new matter of Daniel A. Smith, defendant."

The release is therefore a part of the pleadings in this case and may properly be considered by this court. Under the terms of the release, the plaintiff released the defendant, Daniel A. Smith, from any and all claims arising from the accident of July 16, 1986, with the following narrow exception:

"Notwithstanding the foregoing provisions, Robin E. Hillworth advises Daniel A. Smith and the Brotherly Aid Liability Plan for the Lancaster Mennonite Conference that she has a policy of insurance with Donegal Mutual Insurance Co. with a policy number PA D376154. Said policy of insurance provides for underinsured motorist coverage and that under this policy Donegal has paid the plaintiff the sum of $100,000 underinsured motorist coverage. Robin E. Hillworth expressly states that by executing this release, she does not waive any of the rights of Donegal Mutual Insurance Co. to proceed against Daniel A. Smith. Further, Robin E. Hillworth may bring suit against the said Daniel A. Smith for the benefit of

Donegal Mutual Insurance Co. *only* to the extent of its underinsured motorist coverage payment of $100,000."

As with any written instrument, the effect of a release must be determined from the ordinary meaning of its language. *Wolbach v. Fay*, 488 Pa. 239, 412 A.2d 487 (1980); *General Mills Inc. v. Snavely*, 203 Pa. Super. 162, 199 A.2d 540 (1964). Under Pennsylvania law, a signed release binds the parties unless it was executed and procured by fraud, duress, accident or mutual mistake. *Wahsner v. American Motor Sales Corp.*, 597 F. Supp. 991 (1984).

In this case, where the plaintiff has admitted the release and there are no allegations of fraud, duress, accident or mistake, the terms of the release are therefore binding.

The release executed by the plaintiff specifically identifies the *only* cause of action remaining to plaintiff following execution of the release: a claim against the defendant to recover the $100,000 underinsured motorist benefits paid by the plaintiff's insurance carrier. All other causes of action are released.

Plaintiff's complaint clearly does not state a cause of action within the narrow exception permitted by the release. It is a complaint by and for the plaintiff, Robin E. Hillworth, seeking to recover damages for any and all losses sustained by the plaintiff as a result of the accident of July 16, 1986. Nowhere in plaintiff's pleadings is it alleged that plaintiff has brought the action for the benefit of Donegal Mutual Insurance Co. to recover payments made under Donegal's underinsured motorist policy. Nor are the damages sought limited to the amount of the underinsured motorist benefit paid.

The cause of action set forth in the plaintiff's complaint in this case clearly does not come within the narrow exception to the release and it is therefore barred.

Count II of plaintiff's complaint is a claim for punitive damages against the defendant, Daniel A. Smith, "in an amount in excess of $500,000."

Plaintiff's claim for punitive damages is clearly beyond the scope of the one claim which was excepted in the release. As is apparent from the face of the release, defendant paid the policy limits available under his insurance policy to plaintiff in compensation of her liquidated and general unliquidated damages, without ever admitting liability. Since defendant did not admit liability, that settlement obviously did not include a payment for punitive damages. The $100,000 paid to plaintiff by her underinsured motorist insurance carrier represented the carrier's and plaintiff's estimation of the amount by which the defendant's insurance policy was inadequate to compensate plaintiff for her injuries. Since the underlying settlement with the defendant did not include a payment for punitive damages, then the underinsured motorist payment could not have included such damages. Punitive damages must rest upon a finding of liability on the part of the person against whom they are assessed. In this case, no finding of liability was ever made against the defendant, nor was liability ever admitted by the defendant. The release itself specifically provides:

"It is further agreed that this settlement is a compromise of a disputed claim and is not to be construed as an admission of liability on the part of the party or parties hereby released by whom liability is expressly denied."

Moreover, plaintiff's claim for punitive damages in excess of $500,000 is, on its face, outside the narrow exclusion which permits an action against the defendant for recovery of the $100,000 underinsured motorist benefits paid by plaintiff's insurance carrier and said claim is therefore barred.

Plaintiff's claim for punitive damages as set forth in Count II of the complaint is barred by the clear and unambiguous terms of the release.

For all of the reasons discussed above, the court was required to grant defendant Daniel A. Smith's motion for summary judgment and finds its order to have been proper.